IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
Plaintiff,

v.                                              CRIMINAL NO. 18-770 (ADC)

**JOSE RODRIGUEZ-MEDINA,**
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District

of Puerto Rico: W. Stephen Muldrow, United States Attorney, Myriam Y. Fernandez-Gonzalez,

Assistant United States Attorney and Chief, Criminal Division, Jenifer Y. Hernandez-Vega,

Assistant United States Attorney and Deputy Chief, Violent Crimes Unit, and David T. Henek,

Assistant United States Attorney, along with Defendant, JOSE RODRIGUEZ-MEDINA, and his

counsel, Laura Maldonado-Rodriguez, and, pursuant to Federal Rule of Criminal Procedure

11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement,

the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One and Two.

1

**Count One:**

On or about December 6, 2018, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, JOSE RODRIGUEZ-MEDINA, the defendant, did knowingly possess a firearm -- to wit: one (1) Glock pistol, model 17, 9mm caliber with serial number BFVE095 -- in furtherance of a drug trafficking crime for which defendants may be prosecuted in a Court of the United States, that is possession with intent to distribute a controlled substances in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**Count Two:**

On or about December 6, 2018, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, JOSE RODRIGUEZ-MEDINA, the defendant, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (Crack Cocaine), a Schedule II controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1).

For purposes of the Plea Agreement, Defendant is accepting responsibility for possessing with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1).

## 2.     MAXIMUM PENALTIES

**Count One: 924(c):** The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than five (5) years and up to life in prison, pursuant to Title 18, United States Code, Section 924(c)(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than five (5) years, pursuant to Title 18, United States Code, Section 3583(b)(1); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code, Section 3013(a)(2)(A).

**Count Two: 841(a)(1) and (b)(1)(C)-Cocaine:** The maximum statutory penalty for the offense to which Defendant is pleading guilty, is a term of imprisonment of not more than twenty (20) years; a fine not to exceed one million dollars ($1,000,000.00); a supervised release term of at least three (3) years, all pursuant to 21, United States Code, Section 841(b)(1)(C); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18, United States Code, Section 3013(a)(2)(A). 

## 3.     SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further,

Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4.    SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6.    RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision

4

Plea and Forfeiture Agreement                                    US v. JOSE RODRIGUEZ-MEDINA, 18-770 (ADC)

whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

### 7.    APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

### COUNT ONE:

| 18 U.S.C. § 924(c)(1)(A) | |
|---|---|
| A minimum consecutive term of imprisonment of sixty (60) months is mandatory, with a maximum of life | **60 months (to run consecutively to the sentence imposed for Count Two)** |

### COUNT TWO:

| SENTENCING GUIDELINES CALCULATIONS 21 U.S.C. §§ 841(a)(1) | |
|---|---|
| **Base Offense Level** [§§2D1.1(a)(5) & 2D1.1(c)(14)]: Parties stipulate that defendant is responsible for possessing with the intent to distribute less than 50 grams of cocaine | 12 |
| **Adjustment** [§ 3E1.1(a)]: Defendant timely accepted responsibility and offense level | -2 |

Plea and Forfeiture Agreement                                    US v. JOSE RODRIGUEZ-MEDINA, 18-770 (ADC)

| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 10 |
|---|---|---|---|---|---|
| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
| 6-12 months | 8-14 months | 10-16 months | 15-21 months | 21-27 months | 24-30 months |

### 8.    SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, United States Code,

Section 3553(a), and taking into account the dismissal of Count Four, the parties agree that for

Count One, Defendant may request a sentence of no less than ninety (90) months of imprisonment

(7.5 years), while the United States may request a sentence of no more than one hundred and

fourteen (114) months of imprisonment (9.5 years) to run consecutive to the term of imprisonment

in Count Two. For Count Two, the parties agree to request a sentence of imprisonment of six (6)

months.

The parties agree that any recommendation by either party for a term of imprisonment

below or above the stipulated sentence recommendation constitutes a material breach of the Plea

and Forfeiture Agreement.

### 9.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 10.    WAIVER OF APPEAL

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence

imposed by the Court is one hundred and twenty-six (126) months or less, the defendant waives

the right to appeal any aspect of this case's judgment and sentence, including but not limited to the

term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11.   NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12.   SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Laura Maldonado-Rodriguez, and asserts that counsel has rendered effective legal assistance.

### 13.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA



Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

    a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other

disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14.   STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15.   FIREARMS FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property") that is, one (1) Glock pistol, model 17, 9mm

caliber with serial number BFVE095, loaded with a magazine containing seventeen (17) rounds of 9mm caliber ammunition and seventy one (71) rounds of 9mm caliber ammunition. All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Section 924(c), and that the Property is therefore subject to forfeiture to the United States.

### 16.    LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17.    ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18.    AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19.    DISMISSAL OF REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss the remaining Counts charged in the Indictment.

9

Plea and Forfeiture Agreement                                          US v. JOSE RODRIGUEZ-MEDINA, 18-770 (ADC)

## 20.   VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading

guilty freely and voluntarily because he is guilty.


W. STEPHEN MULDROW
United States Attorney


Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Chief, Criminal Division
Dated: _____ 2.10.2020

Laura Maldonado-Rodriguez
Counsel for Defendant

Dated: 2/12/2020


Jenifer Y. Hernandez-Vega
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Unit
Dated: 2/6/2020

Jose Rodriguez-Medina
Defendant
Dated: 2/12/2020


David T. Henek
Assistant U.S. Attorney
Dated: 2/6/20


10

**UNDERSTANDING OF RIGHTS**

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement.  I fully understand this agreement and voluntarily agree to it.

Date: 2|12|2020

Jose Rodriguez-Medina
Defendant

I am the attorney for Defendant.   I have fully explained Defendant's rights to Defendant with respect to the pending Indictment.   Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case.   I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant.   I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement.   To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2|12|2020

Laura Maldonado-Rodriguez
Counsel for Defendant

11

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the

United States of America and Defendant, JOSE RODRIGUEZ-MEDINA, agree that the following

recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of

criminal responsibility for violation of Title 18, United States Code, Section 924(c) and 21, United

States Code, Sections 841(a)(1). The following is a synopsis of the facts in this case:

On December 5, 2018, at approximately 11:00 pm, Agents of Plan de Zona, Ponce

Preventive Unit, Puerto Rico Police Department (PRPD), performed a traffic stop on a gray 2010

Mitsubishi Outlander on Avenue Ruberte, Ponce, P.R. The driver, and sole occupant of the vehicle,

was identified as Defendant JOSE RODRIGUEZ-MEDINA. While conducting the traffic stop,

agents observed a firearm located on the floor directly behind the front passenger's seat. After

Defendant stated he did not have a license to possess the firearm, Defendant was arrested. From

the car, agents seized: one Glock pistol, model 17, 9mm caliber with serial number BFVE095,

containing a magazine loaded with seventeen (17) rounds of 9mm caliber ammunition, as well as

seventy one (71) additional rounds of 9mm caliber ammunition. In addition to the firearm and

ammunition, agents seized nine (9) baggies of cocaine, $486.00, a portable radio, and a drug

ledger. For purposes of this Plea Agreement, the parties stipulate that Defendant is responsible for

possessing with the intent to distribute less than 50 grams of cocaine.

By pleading guilty, Defendant acknowledges that he knowingly and intentionally

possessed less than 50 grams of cocaine for distribution purposes and that Defendant possessed

the Glock pistol in furtherance of his drug trafficking activities.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is

guilty as charged in Counts One and Two of the Indictment. This would have been proven through

physical and documentary evidence, including, but not limited to, live testimony of PRPD agents,

recovered evidence, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
David T. Henek
Assistant United States Attorney
Dated: ___2/6/20___

_____
Laura Maldonado-Rodriguez
Counsel for Defendant
Dated: ___2/12/2020___

Jose Rodriguez-Medina
Defendant
Dated: ___2/12/2020___

13